**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

**CASE NO. 23-14013-CR-CANNON**

**UNITED STATES OF AMERICA**,

      Plaintiff,

v.

**RAYMOND SAUNDERS,**

      Defendant.

_____/

**<u>FINAL INSTRUCTIONS TO THE JURY</u>**

Members of the Jury:

It is my duty to instruct you on the rules of law that you must use in deciding this case. After I have completed these instructions, you will go to the jury room and begin your discussions—what we call your deliberations.

You must decide whether the Government has proven the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

1

**The Duty to Follow Instructions and the Presumption of Innocence**

Your decision must be based only on the evidence presented here. You must not be influenced in any way either by sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it—even if you do not agree with the law—and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant is not evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. The Defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

**Definition of "Reasonable Doubt"**

The Government's burden of proof is heavy, but it doesn't have to prove a defendant's guilt beyond all <u>possible</u> doubt.  The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt based on your reason and common sense, after you have carefully and impartially considered all of the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs.  If you are convinced that the Defendant has been proven guilty beyond a reasonable doubt, say so.  If you are not convinced, say so.

**Consideration of Direct and Circumstantial Evidence;**
**Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But anything the lawyers say is not evidence and is not binding on you.

You should not assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence, you may use reasoning and common sense to make deductions and reach conclusions. You should not be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There is no legal difference in the weight you may give either to direct or circumstantial evidence.

**Credibility of Witnesses**

When I say you must consider all of the evidence, I don't mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say and how important that testimony was. In making that decision, you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

• Did the witness impress you as one who was telling the truth?

• Did the witness have any particular reason not to tell the truth?

• Did the witness have a personal interest in the outcome of the case?

• Did the witness seem to have a good memory?

• Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

• Did the witness appear to understand the questions clearly and answer them directly?

• Did the witness's testimony differ from other testimony or other evidence?

**Impeachment of Witnesses**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact.  And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it.  People naturally tend to forget some things or remember them inaccurately.  So if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception.  The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**Witness's Prior Statement or Testimony**

If a witness is questioned about earlier statements or testimony the witness made, the questioning is permitted to aid you in evaluating the truth or accuracy of the witness's testimony at this trial.

A witness's earlier testimony or statements are not ordinarily offered or received as evidence of their truth or accuracy. They are pointed out to give you a comparison and to help you decide whether you believe the witness's testimony.

Whether those prior statements are consistent or inconsistent with the witness's trial testimony is entirely up to you.

### Testimony of Codefendant with Plea Agreement

You must consider some witnesses' testimony with more caution than others.

In this case, the Government has made a plea agreement with a codefendant in exchange for his testimony.  Such "plea bargaining," as it's called, provides for the possibility of a lesser sentence than the Codefendant would normally face.  Plea bargaining is lawful and proper, and the rules of this Court expressly provide for it.

But a witness who hopes to gain more favorable treatment may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

And the fact that a witness has pleaded guilty to an offense is not evidence of the guilt of any other person.

**Statement of a Defendant**

If the Government offers evidence that a defendant made a statement or admission to someone after being arrested or detained, you must consider that evidence with caution and great care.

You must decide for yourself (1) whether the Defendant made the statement, and (2) if so, how much weight to give to it.  To make these decisions, you must consider all of the evidence about the statement—including the circumstances under which it was made.

**Identification Testimony**

The Government must prove beyond a reasonable doubt that the Defendant was the person who committed the crime.

If a witness identifies a defendant as the person who committed the crime, you must decide whether the witness is telling the truth.  But even if you believe the witness is telling the truth, you still must decide how accurate the identification is.  I suggest that you ask yourself questions:

1. Did the witness have an adequate opportunity to observe the person at the time the crime was committed?

2. How much time did the witness have to observe the person?

3. How close was the witness?

4. Did anything affect the witness's ability to see?

5. Did the witness know or see the person at an earlier time?

You may also consider the circumstances of the identification of the Defendant, such as the way the Defendant was presented to the witness for identification and the length of time between the crimes and the identification of the Defendant.

After examining all of the evidence, if you have a reasonable doubt that the Defendant was the person who committed the crime, you must find the Defendant not guilty of that crime.

**Evidence of Intentional Flight or Concealment**

Intentional flight or concealment by a person during or immediately after a crime has been committed, or after he is accused of a crime, is not, of course, sufficient in itself to establish the guilt of that person.  But intentional flight or concealment under those circumstances is a fact which, if proven, may be considered by the jury in light of all the other evidence in the case in determining the guilt or innocence of that person.

Whether or not the Defendant's conduct constituted flight or concealment is exclusively for you, as the Jury, to determine.  And if you do so determine, whether or not that flight or concealment showed a consciousness of guilt on his part, and the significance to be attached to that evidence, also are matters exclusively for you as a jury to determine.

I remind you that in your consideration of any evidence of flight or concealment, if you should find that there was flight or concealment, you should also consider that there may be reasons for this which are fully consistent with innocence.  These may include fear of being apprehended, unwillingness to confront the police, or reluctance to confront the witness.

And may I also suggest to you that a feeling of guilt does not necessarily reflect actual guilt of a crime which you may be considering.

**Transcript of Tape-Recorded Conversation**

Government's Exhibits 101 and 104 have been identified as a typewritten transcript of the oral conversation heard on the tape recording received in evidence as Exhibits 100 and 103.  The transcript also purports to identify the speakers engaged in the conversation.

I have admitted the transcript for the limited and secondary purpose of helping you follow the content of the conversation as you listen to the tape recording and also to help you identify the speakers.

But you are specifically instructed that whether the transcript correctly reflects the content of the conversation or the identity of the speakers is entirely for you to decide based on your own evaluation of the testimony you have heard about the preparation of the transcript, and from your own examination of the transcript in relation to hearing the tape recording itself as the primary evidence of its own contents.

If you determine that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent.

**Redacted Recording**

During the course of this trial you may have watched audio and video recorded evidence in this case.  For perfectly legal and legitimate reasons, that audio and video may have been edited—or "redacted"—by the agreement of the parties.  This is legally appropriate, and you should not attribute any negative inference as to either party because of such edits.  Nor should you speculate as to what may have been edited from the evidence introduced in court.

**Introduction to Offense Instructions**

The indictment charges 78 separate crimes, called "counts," against the Defendant. Each count has a number. You will be given a copy of the indictment to refer to during your deliberations.

Counts 1–76 charge that the Defendant did knowingly bring, or attempt to bring an alien, as set forth individually in Counts 1–76, to the United States for the purpose of commercial advantage or private financial gain, knowing or in reckless disregard of the fact that such alien had not received prior official authorization to come to, enter, and reside in the United States, and regardless of any official action which might later be taken with respect to such alien.

Count 77 charges that the Defendant was an alien, who having been previously removed, or what we commonly refer to as having been "deported" from the United States, did enter, or attempt to enter, the United States, knowingly and unlawfully, without the Attorney General of the United States or his/her successor, the Secretary of Homeland Security having expressly consented to such alien reapplying for admission to the United States.

Finally, Count 79 of the Indictment charges that the Defendant did knowingly aid or assist an alien, Carlos Rodriguez-Rodriguez, to enter the United States, said alien being inadmissible under federal law as an alien who previously had been convicted of an aggravated felony. I will explain the law governing those substantive offenses in a moment.

**Conjunctively Charged Counts**

Where a statute specifies multiple alternative ways in which an offense may be committed, the indictment may allege the multiple ways in the conjunctive, that is, by using the word "and." If only one of the alternatives is proven beyond a reasonable doubt, that is sufficient for conviction, so long as you agree unanimously as to that alternative.

**On or About a Particular Date; Knowingly**

You will see that the indictment charges that a crime was committed "on or about" a certain date.  The Government doesn't have to prove that the offense occurred on an exact date.  The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

**Caution: Punishment**

Each count of the indictment charges a separate crime. You must consider each crime and the evidence relating to it separately.  If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial <u>only</u> for the specific crimes charged in the indictment.  You are here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

**Bringing an Alien into the United States for Financial Gain**
**8 U.S.C. § 1324(a)(2)(B)(ii)**

In this case, the Defendant is charged in Counts 1 through 76 of the indictment with bringing, and attempting to bring, aliens into the United States for Financial Gain. Section 1324(a)(2)(B)(ii) of Title 8 of the United States Code makes it a Federal crime to bring, or attempt to bring, an alien into the United States, knowingly or in reckless disregard of the fact that such alien had not received prior official authorization to come to, enter, or reside in the United States—regardless of any official action which may later be taken with respect to such alien—and that the Defendant committed the offense for the purpose of commercial advantage or private financial gain.

The Defendant can be found guilty of bringing, or attempting to bring, an alien into the United States for financial gain only if all of the following facts are proven beyond a reasonable doubt:

<u>First</u>:     The Defendant knowingly brought or attempted to bring an alien into the United States;

<u>Second</u>:    The Defendant knew, or was in reckless disregard of the fact, that the alien had not received prior official authorization to come to or enter the United States; and

<u>Third</u>:     That the offense was done for the purpose of commercial advantage or private financial gain.

The border of the United States for purposes of this statute is three nautical miles from the shoreline.

18

The Defendant can be found guilty of an attempt to commit that offense only if both of the following facts are proven beyond a reasonable doubt, as to each count:

<u>First</u>:  That the Defendant knowingly intended to commit the crime of bringing an alien into the United States for financial gain; and

<u>Second</u>:  The Defendant's intent was strongly corroborated by his taking a substantial step toward committing the crime.

A "substantial step" is an important action leading up to committing an offense—not just an inconsequential act.  It must be more than simply preparing.  It must be an act that would normally result in committing the offense.

An "alien" is any person who is not a natural-born or naturalized citizen, or a national of the United States.  The term "national of the United States" includes any United States citizen, or a national of the United States.

To act with "reckless disregard of the fact" means to be aware of but consciously and carelessly ignore facts and circumstances clearly indicating that the person transported was an alien whose coming to or entry into the United States would be illegal.

**Aiding and Abetting**
**18 U.S.C. § 2**

It is possible to prove the Defendant guilty of a crime even without evidence that the Defendant personally performed every act charged.

Ordinarily, any act a person can do may be done by directing another person, or "agent." Or, it may be done by acting with or under the direction of others.

A defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime.

A defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person.  A defendant is also responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that a defendant is criminally responsible for the acts of another person requires proof that the Defendant intentionally associated with or participated in the crime—not just proof that the Defendant was simply present at the scene of a crime or knew about it.

In order words, you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

## Illegal Entry by Deported Alien
## 8 U.S.C. § 1326(a)

It is a federal crime for an alien to enter, or attempt to enter, the United States after the alien had been removed.

The Defendant can be found guilty of this crime only if all the following facts are proven beyond a reasonable doubt:

First:   The Defendant was an alien at the time stated in the indictment;

Second:   The Defendant had been removed from the United States;

Third:   Afterward, the Defendant knowingly reentered, or attempted to reenter, the United States; and

Fourth:   The Defendant did not have the consent of the Attorney General or his/her successor in interest, the Secretary of Homeland Security for the United States to apply for readmission to the United States.

The border of the United States for purposes of this statute is three nautical miles from the shoreline.

An "alien" is any person who isn't a natural-born or naturalized citizen, or a national of the United States.

A "citizen of the United States" is a person who was born within the United States or naturalized through judicial proceedings.  A person who was born outside the United States is a citizen of the United States if both parents were United States citizens and at least one of them had a residence in the United States before the birth.

A "national of the United States" includes any United States citizen and any noncitizen who owes permanent allegiance to the United States.

**Aiding and Assisting Inadmissible Alien Convicted of Aggravated Felony
to Enter the United States – 8 U.S.C. § 1327**

The Defendant is charged in Count 79 with a separate violation of Title 8, United States Code, Section 1327.  This law makes it a federal crime to knowingly aid or assist an inadmissible alien who has been convicted of an aggravated felony to enter the United States.

The term "inadmissible" means to not have permission from the United States government to enter the United States.

The Defendant can be found guilty of aiding and assisting an inadmissible alien convicted of an aggravated felony to enter the United States only if all the following facts are proven beyond a reasonable doubt:

| | | |
|---|---|---|
| First: | The Defendant knowingly aided or assisted an alien to enter the United States; | |
| Second: | The Defendant knew that the alien was inadmissible; and | |
| Third: | The alien was inadmissible under Title 8, United States Code, Section 1182(a)(2) for having been convicted of an aggravated felony. | |

The border of the United States for purposes of this statute is three nautical miles from the shoreline.

An "alien" is any person who is not a natural-born or naturalized citizen, or a national of the United States.  The term "national of the United States" includes any United States citizen, or a national of the United States.

An alien who has been convicted of conspiracy to distribute a controlled substance is inadmissible as an aggravated felon under Title 8, United States Code, Section 1182(a)(2).

The Government does not have to prove that the Defendant knew that the alien had a prior felony conviction; however, the United States must demonstrate that the Defendant knew, at any

point in time before the alien sought to enter the United States, that the alien he aided or assisted in entering the United States was inadmissible—i.e., that the alien did not have permission from the United States government to enter the United States.

**Duty to Deliberate**

Your verdict, whether guilty or not guilty, must be unanimous—in other words, you must all agree.  Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors.  So, you must discuss the case with one another and try to reach an agreement. While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong.  But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you are judges—judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

**Verdict**

When you get to the jury room, choose one of your members to act as foreperson.  The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room.  When you have all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it.  Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal.  The marshal will bring it to me, and I will respond as promptly as possible—either in writing or by talking to you in the courtroom.  But I caution you not to tell me how many jurors have voted one way or the other at that time.

**Note-taking**

You've been permitted to take notes during the trial. Most of you—perhaps all of you—have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations.  You must not give your notes priority over your independent recollection of the evidence.  And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.