UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-14013-CR-CANNON

UNITED STATES OF AMERICA,

                Plaintiff,

vs.

RAYMOND SAUNDERS, et al.

                Defendants.
_____/

## GOVERNMENT'S MOTION FOR AN UPWARD VARIANCE OR DEPARTURE

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney and hereby submits for the Court and United States Probation Officer's consideration in sentencing the instant Government's Motion for an Upward Variance or Departure. In support thereof, the government avers as follows:

**I.    ARGUMENT**

As this Honorable Court is aware, Title 18, United States Code, Section 3553(a) counsels that in imposing a reasonable sentence, the Court should consider the following factors:

(1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)    the need for the sentence imposed—

    (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B)    to afford adequate deterrence to criminal conduct;
    (C)    to protect the public from further crimes of the defendant; and

18 U.S.C. § 3553(a). For the reasons set forth below, it is submitted that based on the nature and circumstances of the instant offense, and the defendant's history of increasingly serious criminal conduct, that the recommended advisory sentence of 63-78 months' imprisonment is inadequate

under the circumstances present here, to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, and **most importantly**, to fulfill the Court's paramount obligation to protect the people of the United States of America from further crimes of the defendant.

Similarly, the United States Sentencing Guidelines specifically provide a basis for the Court to impose an upward departure where, as here, "reliable information indicates that the defendant's criminal history category substantially underrepresents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." USSG § 4A1.3(a)(1). Similarly, the United States Sentencing Guidelines specifically provide a basis for the Court to impose an upward variance where, as here, "reliable information indicates that the defendant's criminal history category substantially underrepresents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." USSG § 4A1.3(a)(1).   As the Eleventh Circuit stated in *United States v. Weaver*:

> [P]unishment is also intended to be a specific deterrent; that is, the sentence imposed should be adequate to deter this offender from committing crimes in the future. The question of what punishment is appropriate in a specific case is directly related to the likelihood that the particular offender will commit future crimes. Under the guidelines, this interrelationship exists because recidivism is an integral factor in a court's determination of whether an offender's criminal history category as calculated in the PSR is appropriate.

920 F.2d 1570, 1576 (11th Cir. 1991)(citing *United States v. Jackson*, 883 F.2d 1007, 1009 (11th Cir.1989), *cert. denied*, 493 U.S. 1032 (1990)(upward departure warranted because offender's criminal history category did not accurately reflect the likelihood that the defendant would commit future crimes); *United States v. Campbell*, 888 F.2d 76, 78 (11th Cir.1989); *United States v. Dorsey*, 888 F.2d 79, 81 (11th Cir.1989), *cert. denied*, 493 U.S. 1035 (1990); see also *United States*

*v. Hill*, 218 Fed. Appx. 963, 969 (11th Cir. 2007)(unpublished)(Affirming District Court's imposition of upward departure on basis that "Hill's particular case bore a high likelihood of recidivism. To be sure, Hill's extensive history of criminality supports the district court's ultimate finding of a likelihood "that he would commit crimes in the future." (quoting *United States v. Williams*, 989 F.2d 1137, 1141)(11th Cir. 1993)).

As set forth in the Government's Objections to the Presentence Investigation Report (DE 84, at 2-6), which the government would respectfully incorporate herein by reference, defendant SAUNDERS was involved in at least two known previous alien smuggling interdictions by Customs and Border Protection, beginning at age 17 on January 22, 2016, and thereafter as an adult on December 2, 2016.  It is further noteworthy that according to cooperating witness RODRIGUEZ's trial testimony, the defendant boasted to him of having made two prior alien smuggling deliveries to the same marina the preceding year alone, by way of explaining his familiarity with the route and landing location.[1]

His past history unfortunately also suggests his involvement in significantly greater alien smuggling activity as time has progressed. Indeed, the government is unaware of any interdictions occurring in the Northern Division of the Southern District of Florida which involve the smuggling of 76 illegal aliens in a single passage. Unfortunately, one can but speculate as to how many aliens were successfully landed during his previous two landings during the year preceding these events. Further, the evidence adduced at trial displayed that the defendant engaged in much more than

---

1 The government is ordering an expedited copy of cooperating defendant Carlos Rodriguez-Rodriguez's trial testimony so it can provide the Court with record cites for this testimony.   In the interim, the government would note this information was previously memorialized in the affidavit filed in support of the criminal complaint in this matter (DE 1, ¶ 10, at 6).

minimal planning in attempting to fabricate defenses for himself in advance, in the event he was eventually caught again by law enforcement. Simply put, the evidence suggests defendant SAUNDERS is a professional alien smuggler, and accordingly poses an extremely high likelihood of recidivism. It is respectfully submitted that his sentence -- in the exercise of this Honorable Court's discretion should reflect such, for purposes of both specific and general deterrence.

Additionally, as noted in Section I(C) and footnote 2 of the Government's Objections to the Presentence Investigation Report (DE 84, at 9-11), which the government would also respectfully incorporate herein by reference, defendant SAUNDERS purposefully and intentionally made a deliberate decision to abandon the wheel of the smuggling vessel and attempt to escape law enforcement by hiding thereby almost causing the vessel to crash into a rock jetty, clearly imperiling the lives of the 76 illegal aliens trapped in the cabin below, including the six minor children. One shudders when contemplating the possibility of that number of people attempting to escape a rapidly sinking vessel through a single door, only to fight for a single life jacket (see DE 80, ¶ 7, at 5).

It is respectfully submitted that this intentional reckless conduct is clearly of a nature or extent not adequately taken into account by the guidelines, and warrants an upward variance by the Court, in the event that the Court does not find the USSG § 3C1.2 upward adjustment legally applicable due to Commentary Application Note 2.

## II. CONCLUSION

For the reasons set forth above, the United States respectfully requests that this Honorable Court impose an upward variance (or departure) in the exercise of its discretion.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

BY:      s/ *John C. McMillan*
          JOHN C. McMILLAN
          ASSISTANT UNITED STATES ATTORNEY
          Admin. No. A5500228
          500 S. Australian Ave., Suite 400
          West Palm Beach, FL 33401
          Office:   (561) 820-8711
          Email: John.McMillan@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on July 21, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. According to the Court's website, counsel for all parties are able to receive notice via the CM/ECF system.

By:    / s/ *John C. McMillan*   
        JOHN C. McMILLAN
        ASSISTANT UNITED STATES ATTORNEY